UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:07-CV-0648-G |
| JUAN MIGUEL BONILLA a/k/a MIKE, ET AL., | ) ) ) | **ECF** |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are the following motions: (1) the motions of the defendants Isabel Molina ("Molina") and Juan Miguel "Mike" Bonilla ("Bonilla") to abstain from deciding this declaratory judgment suit brought by the plaintiffs, Employers Mutual Casualty Insurance Company ("EMC") and EMCASCO Insurance Company ("EMCASCO") (collectively, "the plaintiffs"); (2) Bonilla's and Molina's motions for a more definite statement; and (3) Bonilla's motions to compel joinder and to dismiss this case.

For the reasons set forth below, all motions are denied.

## I.  BACKGROUND

This case is related to two actions in a state district court.  On May 29, 2003,

Molina filed suit against several entities in the 101st Judicial District Court of Dallas

County, Texas, seeking compensation for injuries sustained in a fire while she was

working.[1]  *See generally* Plaintiff's Original Petition ("Petition"), *included in* Appendix

to Supplement to Defendant's Motion to Abstain ("Appendix") at 2(A).  Molina was

working in a mobile kitchen owned by Jolly Chef Express, Inc. and/or Jolly Chef

Distribution Center, Inc., (collectively, "Jolly Chef"), which leased the kitchen to

Bonilla.  Plaintiff's First Amended Original Petition, *included in* Appendix at 2(F).

Before the case went to trial, Bonilla filed a cross-claim against Jolly Chef on March 3,

2007, alleging several causes of action.  *See* Appendix at 2(X).  Jolly Chef moved to

sever Bonilla's cross-claim, and the cross-claims were severed on April 9, 2007.  *See*

Appendix at 2(AA).  Molina's suit went to trial on April 9, 2007, but before the

conclusion of the trial, the instant action for declaratory judgment was filed by EMC

and EMCASCO on April 16, 2007, to determine their rights and obligations under

various insurance agreements issued to the Jolly Chef entities.  *See generally* Plaintiffs'

Original Complaint for Declaratory Judgment ("Complaint").  On May 22, 2007, the

state court entered judgment in favor of Molina against Bonilla for the sum of

---

[1]      *Isabel Molina, et al. v. Jolly Chef Express, Inc., et al.*, Cause No. 03-05067-E.

$1,832,933.58.[2]  *See* Appendix to EMC's Response to Molina and Bonilla's Motions

to Abstain at 10-11.

On May 25, 2007, Bonilla filed a motion for leave to join EMC, EMCASCO,

and Davis-Dyer-Max, Inc. ("DDM"),[3] as third-party defendants in the severed third-

party state claim pending against Jolly Chef.  *Id*. at 13-16.  Additionally, Molina and

her children filed a motion to intervene in the severed action on June 4, 2007.  *See*

Appendix at 2(DD).  Molina and related parties then filed a petition in intervention

on July 9, 2007, adding claims against EMC, EMCASCO, and DDM.[4]  *See* Appendix

at 2(HH).  Bonilla filed an amended pleading in the severed action on July 12, 2007,

adding EMC, EMCASCO, and DDM.  *See* EMC's Response to Supplement to

Molina's Motion to Abstain and Supporting Brief ("EMC's Response to

Supplement") at 2.  Jolly Chef filed for bankruptcy on August 23, 2007, and on

August 27, 2007, the state district judge issued an order abating and closing the state

case pending the outcome of the bankruptcy proceedings.  *See* Notice of Abatement

and Closure of Related Case ¶ 3.

---

[2]    The jury found in favor of Molina and against Bonilla, and the Jolly
Chef entities were exonerated.  Molina's children non-suited their claims and were no
longer parties to the lawsuit when the jury returned a verdict.

[3]    Davis-Dyer-Max, Inc., has been sued in its capacity as the agent of EMC
and EMCASCO.  *See* Appendix at 2(HH).

[4]    *Juan Miguel "Mike" Bonilla v. Jolly Chef Express, Inc., et al.*,  Cause No. 07-
6474-E.

The instant action, filed by EMC and EMCASCO against Molina, Bonilla, Molina's children, and the Jolly Chef entities, seeks resolution of the insurance coverage dispute related to the judgment in the state lawsuit. *See generally* Complaint. In response to the plaintiffs' complaint for declaratory judgment, both Molina and Bonilla have filed motions for a more definite statement. Additionally, on August 10, 2007, before the severed action in state court was closed and abated, Bonilla filed a motion to compel the joinder of DDM, as well as a motion to dismiss for lack of jurisdiction. The court turns first to the motion to abstain.

## II. ANALYSIS

### A. Motion to Abstain

The Declaratory Judgment Act provides that "any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration. . . ." 28 U.S.C. § 2201.[5] The Supreme Court has held that the Act grants discretion to the courts rather than an absolute right to a litigant. *Wilton v. Seven Falls Company*, 515 U.S. 277, 287-88 (1995) ("By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created

---

[5]     It is well settled that the Act does not expand the subject matter jurisdiction of the federal courts. *Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 16 (1983) (quoting *Skelly Oil Company v. Phillips Petroleum Company*, 339 U.S. 667, 671-72 (1950)); *Comstock Oil & Gas Inc. v. Alabama and Coushatta Indian Tribes of Texas*, 261 F.3d 567, 573 n.5 (5th Cir. 2001), *cert. denied*, 535 U.S. 971 (2002). Subject matter jurisdiction in this case, however, is based on the diverse citizenship of the parties. *See* Complaint ¶ 7.

an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants."); see also *Sherwin-Williams Company v. Holmes County*, 343 F.3d 383, 389 (5th Cir. 2003). Thus, this court may choose to dismiss this case by not exercising jurisdiction over it.

The Fifth Circuit has outlined the three steps a district court must follow in determining whether to dismiss or decide a declaratory judgment case: first, the district court must determine whether the declaratory action is justiciable; second, the court must determine whether it has the authority to grant declaratory relief; and third, the court must determine whether to exercise its discretion to decide or dismiss the action. *Sherwin-Williams*, 343 F.3d at 387.

## 1. *Justiciability of the Action*

The Fifth Circuit has noted that determining justiciability in the context of a declaratory judgment can be challenging, see *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000), but, typically, a case will be justiciable if an "actual controversy" exists between the parties. *Id.* at 895-96. An actual controversy exists where there is a substantial controversy of sufficient immediacy and reality between parties having adverse legal interests -- a determination that must be made on a case-by-case basis. *Id.* at 896 (citations omitted).

The controversy in this case certainly meets this definition, as evidenced by the fact that a jury has awarded Molina a substantial judgment, and the question of who

will be obligated to pay, and what amount, is central to the resolution of the

underlying dispute.  Therefore, the court finds that there is a question of sufficient

immediacy and reality for all parties involved to constitute a justiciable claim.

That EMC's and EMCASCO's interests in this matter are adverse to the other

parties is also evident.  Bonilla is looking to EMC and EMCASCO for coverage to

help satisfy the judgment, while Molina is looking for a party with deep pockets.

EMC and EMCASCO, on the other hand, do not want to pay any more than is

necessary.  Because there is a substantial controversy of sufficient immediacy and

reality between parties having adverse legal interests, this action is clearly justiciable.

2.  *Authority of the District Court*

Once a district court determines that a declaratory action is justiciable, the

court must then determine whether it has the authority to grant declaratory relief.

The Fifth Circuit has held that a district court does not have the authority to grant

declaratory relief when:  (1) the defendant in the declaratory judgment action

previously filed a cause of action in the state court; (2) the state case involves the

same issues as those presented to the federal court in the declaratory action; and

(3) the district court is prohibited from enjoining the state proceedings under the

Anti-Injunction Act, 28 U.S.C. § 2283.[6]  *Sherwin-Williams*, 343 F.3d at 388 n.1

---

[6]      The Fifth Circuit has held that "when a state lawsuit is pending, more often than not, issuing a declaratory judgment will be tantamount to issuing an injunction providing the declaratory plaintiff an end run around the requirements of

(continued...)

(citing *Travelers Insurance Company v. Louisiana Farm Bureau Federation, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993)).

The defendants in this declaratory judgment action have previously filed a cause of action in state court: Molina as both a plaintiff and an intervenor, and Bonilla as a third-party plaintiff. As for the second prong of the authority test, while Bonilla seeks to determine the issues in state court by joining EMC and EMCASCO as parties, there are currently no state proceedings addressing the issues before this court, namely, a determination of EMC's and EMCASCO's duties under the insurance policies. Under the third prong of the authority test, the district court must decide whether it would be prohibited from enjoining the parallel state proceedings under the Anti-Injunction Act. Under the Act, a district court may

---

[6](...continued)
the Anti-Injunction Act." *Travelers Insurance Company v. Louisiana Farm Bureau Federation, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993); *see also* 10 FED. PROC. § 23:74 (Lawyer's Ed. 2003) (stating that dismissing a declaratory judgment action on the basis of the Anti-Injunction Act "is justified through an extension [of the Act] by analogy to declaratory judgments in situations where the underlying policy against unseemly interference with proper state litigation is applicable."). The Anti-Injunction Act provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283.

enjoin state proceedings only when such an injunction is: (1) expressly authorized by Congress, (2) necessary to aid in the court's jurisdiction,[7] or (3) necessary to protect or effectuate a prior decision of the district court. 28 U.S.C. § 2283; see *Chick Kam Choo v. Exxon Corporation*, 486 U.S. 140, 146-47 (1988). While it does not appear that any of the above exceptions are present in the instant case, because the underlying state proceedings were recently abated and closed due to the bankruptcy filing of Jolly Chef, there are no proceedings to enjoin. *See* Notice of Abatement and Closure of Related Case ¶ 3. Therefore, the court has the authority to grant declaratory relief under these circumstances.

### 3. *Exercise of Discretion*

Once a district court has determined that the declaratory action is justiciable and that the court has the authority to grant declaratory relief, the court must then determine whether or not to exercise its discretion to decide or dismiss the action. The Fifth Circuit has identified seven nonexclusive factors to consider when making this determination:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

---

[7] This exception is read narrowly and only applied "where a state proceeding threaten[s] to dispose of property that form[s] the basis for federal in rem jurisdiction or where the state proceeding threaten[s] the continuing superintendence by a federal court." *Newby v. Enron Corporation*, 302 F.3d 295, 301 (5th Cir. 2002), *cert. denied*, 537 U.S. 1191 (2003).

(2)  whether the plaintiff filed suit in anticipation of a
lawsuit filed by the defendant;

(3)  whether the plaintiff engaged in forum shopping in
bringing the suit;

(4)  whether possible inequities in allowing the declaratory
plaintiff to gain precedence in time or to change forums
exist;

(5)  whether the federal court is a convenient forum for the
parties and witnesses;

(6)  whether retaining the lawsuit would serve the purposes
of judicial economy; and

(7)  whether the federal court is being called on to construe
a state judicial decree involving the same parties and
entered by the court before whom the parallel state suit
between the same parties is pending.

*Sherwin-Williams*, 343 F.3d at 388 (quoting *St. Paul Insurance Company v. Trejo*, 39

F.3d 585, 590-91 (5th Cir. 1994)).  The district court must analyze and balance the

facts and circumstances of the instant suit against these factors, or it will be deemed

to have abused its discretion.  *Vulcan Materials Company v. City of Tehuacana*, 238 F.3d

382, 390 (5th Cir. 2001); *Trejo*, 39 F.3d at 591.

Beginning with the first factor, it does not appear that there is currently a

pending state action in which all of the matters in controversy may be fully litigated.

The underlying state matter has been closed and abated pending the outcome of Jolly

Chef's bankruptcy proceedings.  Factor one, therefore, weighs in favor of the court

exercising its discretion to decide the matter.

It is unclear whether or not the plaintiffs filed this declaratory judgment suit in anticipation of the action brought against them in state court. However, the plaintiffs filed their declaratory judgment suit *before* Bonilla and Molina moved to join them in the underlying state action, so at most the second factor has no real bearing on the court's decision. See *supra* Part I.

The third factor weighs slightly against the exercise of discretion -- EMC and EMCASCO could have sought declaratory relief in a Texas state court where the related case was pending, but instead chose to bring the action in federal court. However, the change of forum results in a negligible shift in location (the courthouses are merely five blocks apart), and therefore the fifth factor does not weigh for or against the exercise of discretion -- the federal courthouse will be as convenient a forum for the parties and witnesses as the state courthouse would be.

The fourth factor also weighs in favor of this court's exercise of discretion, as it is in all parties' best interest for the plaintiffs' duties under the policies to be determined as soon as possible, and because the change of forum should not adversely affect any party -- Texas law will still apply, and the change of forum requires only a slight shift in location. The sixth factor also weighs in favor of the exercise of discretion; this declaratory judgment suit is already underway with the necessary parties, and determining the plaintiffs' duties to each party in one action serves the aims of judicial economy. Finally, the seventh factor also weighs in favor of the

exercise of discretion, since this court is not being called on to construe a state judicial decree.

Taken together, these factors weigh in favor of the exercise of this court's jurisdiction to decide the declaratory judgment action. Therefore, for the foregoing reasons, the defendants' motions to abstain are denied.

## B. Motions for a More Definite Statement

Both Bonilla and Molina have filed motions for a more definite statement pursuant to FED. R. CIV. P. 12(e).[8] The defendants allege that the complaint for declaratory judgment is so vague that they cannot adequately respond to it because there is not sufficient "notice of the specific bases upon which the Plaintiffs assert . . . the . . . [d]efendant[s] do not qualify . . . as 'insured[s]' or that the award against [them] do[] not qualify for coverage." Defendants' Motions for More Definite Statement ¶ 4. Additionally, the defendants note that the complaint alludes to "similar" insurance policy provisions without stating what provisions are referenced. *Id.* ¶ 5.

When a party moves for a more definite statement, the court must determine whether the complaint is such that a party cannot reasonably be required to frame a

---

[8]     The defendants' motions for more definite statement are, in substance, identical, and will therefore be referred to together as "Defendants' Motions for More Definite Statement."

responsive pleading.[9] *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir.

1959). The defendants' first objection -- essentially that they cannot determine the

grounds upon which the plaintiffs assert "no coverage" -- is not sufficient to require

the plaintiffs to amend their complaint. The plaintiffs have quoted extensively from

the relevant policy provisions, and when read in conjunction with Rule 8(a)(2), the

pleading is sufficiently definite. Federal Rule of Civil Procedure 8(a)(2) requires that

a claimant give "a short and plain statement of the claim showing that the pleader is

entitled to relief." FED. R. CIV. P. 8(a)(2). The court is satisfied that these allegations

are sufficiently pled to require a response.

The defendants' second basis for their Rule 12(e) motions is that the plaintiffs'

complaint fails to sufficiently describe the "similar" policy provisions referenced

throughout the plaintiffs' complaint. *See* Defendants' Motions for More Definite

Statement ¶ 5. Rule 12(e) cannot be used as a substitute for discovery,[10] and a

motion under Rule 12(e) should be denied if the information that the defendant

requests can be obtained through discovery. *Mitchell*, 269 F.2d at 132; *Babcock* &

---

[9]    However, it should be noted that both Bonilla and Molina *have* filed
responsive pleadings in this matter, though they have filed them subject to their
motions for more definite statement.

[10]    Plaintiffs note, incorrectly, that Local Rule 12.1 provides one basis for
denying the motion for a more definite statement. *See* EMC's Response to Molina
and Bonilla's Motions for More Definite Statement ¶¶ 1-2. Local Rule 12.1 was
repealed September 1, 2006, though the basic principle is still applicable under
*Mitchell*.

*Wilcox Company v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006); *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 640 (S.D. Tex. 2001).  Applying these principles to the instant motion, the court finds that the plaintiffs' complaint is sufficiently pled.  The complaint provides the defendants with a short, plain statement of the nature of the claim and the grounds therefor.  Furthermore, the information requested by the defendants can be obtained through discovery.  Consequently, the defendants' motions for a more definite statement are denied.

C.  Motion to Compel Joinder and Motion to Dismiss

Bonilla seeks to join DDM under Rule 19(a), then argues that DDM's joinder would destroy diversity and require dismissal under Rule 19(b).  *See* Bonilla's Motion to Compel Joinder and Motion to Dismiss ("Motion to Compel") at 1.  Bonilla claims that DDM, because of its role as the plaintiffs' agent in the insurance policy transaction, is an indispensable party as defined by Rule 19(b).  See *id*.

Rule 19 governs the joinder of necessary and indispensable parties.  FED. R. CIV. P. 19.  Rule 19(a) provides guidance for determining whether a party is necessary and should therefore be joined in the action.  *Id.*; *Cornhill Insurance PLC v. Valsamis, Inc.*, 106 F.3d 80, 84 (5th Cir.), *cert. denied*, 522 U.S. 818 (1997).  If the party should be joined in the action, but joinder would defeat diversity, the court must then determine whether or not the party to be joined is "indispensable, that is, if the court finds that, as a matter of equity and good conscience, the lawsuit cannot

proceed without them." *Id.* at 84.  When, however, as in this case, the party is not a

necessary party, then the inquiry need not go further.

Bonilla asserts that DDM, a Texas corporation and a party to the abated state

proceedings, is a necessary party that should be joined under Rule 19(a)(2)(ii).

Bonilla claims that "disposing of this action without joining DDM could lead to

inconsistent obligations." *See* Motion to Compel at 4.  However, contrary to Bonilla's

assertions, DDM's absence from this suit will not subject it to any potentially

inconsistent obligations.  EMC and EMCASCO are the potentially liable parties in

this matter.  The issue to be decided in this case rests solely on contractual language

in the policies; the agent, DDM, is not a necessary party to this action.  See *Valsamis*,

106 F.3d at 84 (explaining that in an action for declaratory judgment, neither the

insurance agent nor the broker were necessary parties to the action where the district

court's decision was based on contract language and the parties interested in the

interpretation of the policies were present in the suit).  Because DDM is not a

necessary party, Bonilla's motion to compel joinder is denied.

Because DDM is not a necessary party to this action, the question of whether

or not diversity jurisdiction would be destroyed by DDM's joinder need not be

decided.  It is worth noting, however, that even if DDM were found to be necessary

and indispensable, its joinder would not affect jurisdiction.  Bonilla has

misinterpreted Rule 19 and 28 U.S.C. § 1367(b).  While 28 U.S.C. § 1367(a)

provides for supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," 28 U.S.C. § 1367(b) limits supplemental jurisdiction in diversity cases, prohibiting "claims by *plaintiffs* against persons made parties under Rule . . . 19." 28 U.S.C. § 1367(b) (emphasis added). Bonilla and Molina are *defendants* in the declaratory judgment action, and therefore any claims they as defendants might have against DDM do not work to invoke the jurisdictional limitations set forth in 28 U.S.C. § 1367(b). Indeed, as the plaintiffs note, a similar case makes this point clear. *See* EMC's Brief in Support of Response to Bonilla's Motion to Compel Joinder and Motion to Dismiss ¶¶ 5-6. In *State National Insurance Company v. Yates*, 391 F.3d 577 (5th Cir. 2004), the defendant in an insurance declaratory judgment suit counterclaimed against the local insurance agent in an attempt to destroy diversity. *Id.* at 579-80. As the Fifth Circuit explained, "[t]he fact that [the defendant] has asserted a counterclaim does not make him a 'plaintiff' for purposes of § 1367(b) . . . today we hold that 'plaintiff' in § 1367(b) refers to the original plaintiff in the action -- not to a defendant that happens to be a counter-plaintiff, cross-plaintiff, or third-party-plaintiff." *Id.* at 580. Bonilla finds himself in the same situation, and therefore Bonilla's motion to dismiss is denied.

### III.  CONCLUSION

For the reasons discussed above, Molina's and Bonilla's motions to abstain are

**DENIED**, the motions of Molina and Bonilla for a more definite statement are

**DENIED**, and Bonilla's motion to compel joinder and to dismiss is **DENIED**.

**SO ORDERED**.

September 27, 2007.

_____

A. JOE FISH

CHIEF JUDGE